Haight, J.
—This action was brought by the plaintiff to recover pay for a quantity of chairs sold and delivered to the defendant. It appears from the evidence that the defendant was a furniture dealer in the city of Buffalo, and had in his employ one Thomas 0. Burns, his brother.
That his brother wrote the plaintiff a letter upon paper containing the business card of the defendant printed upon the heading thereof, asking for the price of a certain class of chairs, describing them; which letter was signed “ John 0. Burns, per T. 0. B.;” that the plaintiffs answered the letter, addressing the same to the defendant at his post address in the city of Buffalo, giving the price, and thereupon Thomas 0. Burns again wrote the plaintiff upon the business paper of the defendant, ordering the chairs and sign ■ ing the same as before. Thereupon the plaintiffs shipped the chairs to the defendant; they were received in Buffalo by Thomas 0. Burns, who sold and delivered the same to one Lombard, who paid $20.00 thereon; which money was placed in the safe of the defendant with his money. The defendant testified that his brother had no power or authority to purchase the chairs in question, and that he did *571 not know that they had been purchased until the plaintiff drew upon him' for the amount of such purchase.
No motion was made "for a new trial upon the minutes or upon a case and exceptions. The appeal is from the judgment, and consequently the exceptions only are brought up for review.
Upon the trial the plaintiff offered in evidence the letters written to the plaintiff, to which we have already alluded. These letters were objected to upon the ground that the handwriting of the defendant had not been proved, and that it did not appear that they had been written by the defendant’s authority. The court, upon the statement of the plaintiff’s counsel that they would be followed by evidence, overruled the objection, to which an exception was taken. The evidence to which we have alluded was subsequently given by the brother, Thomas C. Bums, and other witnesses, one of whom testified to having a conversation with the defendant, in which he stated that he had received the chairs in question and had sold them to Lombard, and had received twenty dollars thereon. If it is the fact that he did receive and sell the goods so ordered by his brother, the jury was justified in finding a ratification of the acts of his brother in ordering the goods, and if the matter testified to by the brother is true, the jury had evidence before it from which it might find that the letters written by the brother were authorized by the defendant, and we consequently are of the opinion that the exception to the admission of the letters is not well taken.
At the conclusion of the charge of the court to the jury, the defendant’s counsel asked it to charge that no inference of authority upon the part of Thomas Burns is to be drawn from the fact that the letters were written on letter heads of John 0. Burns. The court then charged the jury that they were to take all the evidence upon that question into consideration, and examine it for the purpose of ascertaining whether he had authority or not; that the plaintiff is bound to prove that he had authority. Exception was taken to the refusal to charge as requested. Whilst the bare fact of writing upon paper containing the letter heads of the defendant would not be sufficient to authorize the finding that Thomas was authorized by the defendant to write the letters, still we are unable to say that no inference should be drawn from that fact. It must doubtless be considered in connection with the other facts appearing in the case as bearing upon the authority of Thomas. It was proper to take into consideration all of the circumstances. The fact that he was employed in the defendant’s place of business, that he sold goods, waited upon customers, assisted in keeping the books, took charge of the store in his brother’s absence, received and opened the mail, answered the letters, wrote letters upon *572 stationery belonging to and used by the defendant containing his business card or letter head; all were circumstances to betaken into consideration to enable the jury to determine whether or not he had authority to write the letters in question.
We consequently conclude that the court can not properly say that no inference can be drawn from that fact, and that it was proper to refuse to charge the request as made.
No other exceptions were taken to which our attention has been called.
It consequently follows that the judgment should be affirmed.
Barker, P, J.; Bradley and Dwight, JJ., concurred.